## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **ROBLIN INSURANCE A GENCY, INC.,** | ) |
| | ) |
| **Plain tiff,** | )   **Civil Action No.:** |
| | ) |
| **v.** | ) |
| | ) |
| **RYAN PRENTIS and DE!.ANCTIS** | ) |
| **INSURANCE AGENCY, INC.,** | ) |
| | ) |
| **Defer dant.** | ) |
| | ) |

## COMPLAINT AND JURY DEMAND

The Plaintiff, Rob n Insurance Agency, Inc., by and through its attorneys, complains

against the Defendants, Ry,in Prentis and DeSanctis Insurance Agency, Inc., as follows:

## NATURE OF ACTION

1.    This is a civil ac:ion for temporary, preliminary and permanent injunctive relief, compensatory dam iges, exemplary damages (including treble damages and punitive damages), and atto1 neys fees and costs of suit under the Federal Computer Fraud and Abuse Act, 18 US(: §1030; the Massachusetts Consumer Protection Act, M.G.L., ch. 93A, §1, et seq.; th: Massachusetts Theft of Trade Secret statute, M.G.L., ch. 93, §§42, 42A; and related cc nmon law causes of action arising from Defendants' willful theft and misappropriation of Plaintiff's confidential, proprietary and trade secret customer information maint:ined within Plaintiff's computer system, and misuse of said information to pilf:r Plaintiff's customers for the benefit of Defendants' competing business in a manne · causing damage and loss to Plaintiff.

## PARTIES

2.    Plaintiff, Roblin Ins.irance Agency, Inc., ("Roblin"), is a Massachusetts corporation with a principal place of business located at 144 Gould Street, Needham Heights, Massachusetts 0249 ♦.

3.    Defendant, Ryan Pr: ntis ("Prentis"), resides in Boston, Massachusetts.

4.    Defendant, DeSan: tis Insurance Agency, Inc. ("DeSanctis") is a Massachusetts corporation with a principal place of business located at 36 Cummings Park, Woburn, Massachusetts 0180 .

5.   Prentis was employed by Roblin from April, 2003 through and including September 28, 2011. Prentis is currently employed by DeSanctis (collectively, "Defendants").

## JURISDICTION AND VENUE

6.   This court has subject matter jurisdiction over this suit pursuant to 28 USC §§ 1331 and 1367.

7.   This court has personal jurisdiction over Prentis as he resides in Boston, Massachusetts. Upon information and belief, it was from Roblin's office that Prentis stole and misappropriated Roblin's confidential and proprietary information. Upon information and belief, DeSanctis' Woburn office is also the location at which Prentis stores, uses, and continues to access Roblin's misappropriated information.

8.   This court has personal jurisdiction over DeSanctis because DeSanctis is a Massachusetts corporation and operates from an office in Woburn, Massachusetts. Upon information and belief, Roblin's misappropriated information is located in DeSanctis' office in Woburn, Massachusetts; and DeSanctis is using the purloined information to Roblin's detriment in its Woburn, Massachusetts office.

9.   Pursuant to 28 USC, §1391, this court is a proper venue for this action because substantial acts in furtherance of the claims asserted in this case occurred in this district.

## FACTUAL ALLEGATIONS

10.   Roblin is engaged in the business of, among other things, providing a variety of insurance brokerage and related financial services to its clients.

11.   The insurance business is highly competitive. DeSanctis is a competitor of Roblin.

12.   In order to compete, Roblin has spent substantial resources, time and money to develop and maintain confidential and proprietary information, such as client lists, insurance summaries, policy holder information, leads, contact records and other information (collectively, "Roblin Trade Secrets").

13.   The Roblin Trade Secrets give Roblin a competitive advantage.

14.   Many of the Roblin Trade Secrets are stored on servers and computers maintained by Roblin.

15.   Roblin exercises its best efforts to protect the confidentiality of the Roblin Trade Secrets. Those efforts include: (i) control of access to Roblin computers through the use of passwords and other security measures, (ii) employee confidentiality agreements, and (iii) limited access to areas in which paper copies are stored, and (iv) marking documents as "CONFIDENTIAL" when appropriate.

16.   From the commencement of his employment with Roblin, Prentis was aware of the importance Roblin placed on maintaining the confidentiality of the Roblin Trade Secrets.

2

Roblin's employment was conditioned on Roblin's execution of Roblin's Employment Agreement (the "Agreement").

17. As a condition of his employment, which commenced on or about April 10, 2003, Pretis executed the Agreement, a true and accurate copy of which is attached hereto as Exhibit A.

18. The Agreement, includes an acknowledgement that Roblin is the rightful owner of certain proprietary information and trade secrets, requires Prentis to protect them from disclosure to competitors, and prohibited Prentis from creating or retaining copies of such information.

19. In order to for Prentis to carry out his responsibilities as an insurance producer for Roblin, Prentis was given access to the Roblin Trade Secrets. Roblin would not have given Prentis access to that information had Prentis not agreed to execute the Agreement.

20. Given the competitive nature of the insurance brokerage industry, Roblin invests a significant amount of time, money, and resources in developing and nurturing its client base and identifying the needs and preferences of its clients. Prentis acknowledged in the Agreement that the goodwill was a valuable asset of Roblin, not Prentis

21. Roblin provided Prentis with the resources necessary to do his job and develop and to nurture client relationships with new, existing, and potential clients, including office space, marketing support, computer systems, administrative and clerical support, research, travel, and expense reimbursement. Roblin incurred significant expense to provide these resources to Prentis.

22. Beginning in at least September 2011, Prentis began to take active steps to surreptitiously retrieve from Roblin's computers and records the Roblin Trade Secrets in order to compete with Roblin at his new employer, DeSanctis.

23. While still employed by Roblin, Prentis began soliciting business for DeSanctis.

24. On information and belief, Prentis has retrieved from Roblin computers the email addresses and contact information of Roblin clients and prospects.

25. On information and belief Prentis disclosed to DeSanctis the Roblin Trade Secrets.

26. On information and belief, the Roblin Trade Secrets taken by Prentis were used by Prentis and DeSanctis to solicit and accept business from Roblin clients.

27. The unauthorized use of the Roblin Trade Secrets gave Prentis and DeSanctis an inappropriate and unwarranted advantage.

28. On information and belief, DeSanctis encouraged and condoned Prentis' theft and misappropriation of the Roblin Trade Secrets.

3

1330820v1

29.    On information and belief, Prentis solicited and prospected Roblin customers on behalf of DeSanctis in anticipation of his employment with DeSanctis. At the time he did so, Prentis was still employed by Roblin.

30.    On information and belief, Prentis used contact lists taken from Roblin's computers without authorization to conduct that solicitation.

31.    While still employed by Roblin, Prentis actively solicited business that he then diverted to DeSanctis.

32.    Since leaving Roblin, Prentis has solicited and accepted business from Roblin's clients on behalf of DeSanctis.

33.    The Agreement prohibits Prentis from soliciting and accepting business from Roblin's clients.

34.    On information and belief, DeSanctis knows that Prentis is bound by restrictions on solicitation and the use or disclosure of the Roblin Trade Secrets.

35.    All of Prentis' actions alleged above have provided DeSanctis with an unlawful and unjust advantage.

## CAUSES OF ACTION

### COUNT I
### (Violation of Computer Fraud and Abuse Act, 18 U.S.C. §1030 *ET SEQ.* – vs. Prentis )

36.    Roblin repeats and realleges each of the preceding allegations as if set forth herein.

37.    The computer provided to Prentis by Roblin was a "protected computer" within the meaning of the Computer Fraud and Abuse Act. Prentis worked out of Roblin's office in Needham, Massachusetts. Prentis regularly used his computer to communicate with Roblin's clients, prospects, insurance carriers and vendors. Prentis used his computer to access Roblin's servers and databases. Prentis use of his computer was in or affecting interstate commerce

38.    Prentis intentionally accessed his computer and Roblin's servers and databases to download and misappropriate confidential and proprietary information and trade secrets without authorization.

39.    Prentis' actions violated the Computer Fraud and Abuse Act.

40.    Prentis' intentional and unlawful conduct caused damage and losses in excess of $5,000.00 in aggregate value. Specifically, by his actions, Prentis has caused Roblin to incur losses including but not limited to the cost of many, many hours away from day-to-day responsibilities responding to his offenses, conducting damage and breach assessments to assess the scope of damage and loss caused by Prentis' conduct, and lost revenue and interruption of business.

4

1330820v1

## COUNT II
### (Misappropriation of Trade Secrets in Violation of
### M.G.L., c. 93, §§42 and 42A vs. Defendants)

41.     Roblin repeats and realleges each of the preceding allegations as if set forth herein.

42.     The Roblin Trade Secrets stolen by Prentis, and used by Prentis and DeSanctis, constitute a "trade secret" under M.G.L., c. 93, §42.

43.     Prentis and DeSanctis intended to convert, and did convert, for their own use the Roblin Trade Secrets.

44.     Roblin took reasonable steps to safeguard the secrecy of the Roblin Trade Secrets.

45.     Defendants acted willfully and in bad faith.  Prentis' disclosure to DeSanctis, and Defendants' use of the Roblin Trade Secrets have given Defendants an unfair, competitive advantage over Roblin.

46.     As a result of Defendants' conduct, Roblin has been damaged and seeks an award of damages in an amount to be awarded by jury at trial

47.     Roblin seeks multiple damages and attorneys fees for Defendants' violation of M.G.L. c. 93.

## COUNT III
### (Breach of Duty of Loyalty vs. Prentis)

48.     Roblin repeats and realleges each of the preceding allegations as if set forth herein.

49.     Prentis owed Roblin a duty of loyalty, requiring Prentis at all times to act solely in the best interest of Roblin, to devote his full time efforts to Roblin, and no competitor, and to protect and use only for legitimate, authorized purposes the Roblin Trade Secrets.

50.     By the above described conduct, Prentis breached his duty of loyalty and thereby harmed Roblin.

51.     As a result of Prentis' conduct, Roblin has been damaged and seeks an award of damages in an amount to be determined by a jury at trial.

## COUNT IV

### (Breach of Contract vs. Prentis)

52.     Roblin repeats and realleges each of the preceding allegations as if set forth herein.

53.     The Agreement is a legally enforceable contract, supported by good and valuable consideration.

54.     At all times relevant Roblin was fully complied with the Agreement.

5

55.  By the actions described herein, Prentis is in material breach of the Agreement.

56.  As a result of Prentis' breach of the Agreement, Roblin has suffered substantial losses, and seeks an award of damages in an amount to be determined at trial.

## COUNT V

### (Breach of Implied Covenant of Good Faith and Fair Dealing vs. Prentis)

57.  Roblin repeats and realleges each of the preceding allegations as if set forth herein.

58.  The Agreement is governed by an implied covenant of good faith and fair dealing.

59.  By the conduct set forth above, Prentis breached the implied covenant of good faith and fair dealing

60.  Roblin has been damaged by Prentis' breach of the implied covenant of good faith and fair dealing, and seeks an award of damages in an amount to be determined at trial.

## COUNT VI
### (Conversion vs. Defendants)

61.  Roblin repeats and realleges each of the preceding allegations as if set forth herein.

62.  Defendants wrongfully exercised dominion and control over Roblin's confidential and proprietary information and trade secrets.

63.  Defendants have refused to return the confidential and proprietary information and trade secrets.

64.  As a result of the foregoing, Roblin has been damaged and seeks an award of damages in an amount to be determined at trial.

## COUNT VII
### (Violation of M.G.L. c.93A vs. DeSanctis)

65.  Roblin repeats and realleges each of the preceding allegations as if set forth herein.

66.  DeSanctis and Roblin are engaged in trade or commerce as defined under M.G.L. c. 93A.

67.  Prentis took the Roblin Trade Secrets for the benefit of DeSanctis.

68.  Defendants have continued to utilize the Roblin Trade Secrets to unlawfully compete with Roblin.

69.  The conduct alleged took place within Massachusetts.

70.  The damages suffered by Roblin occurred in Massachusetts.

1330820v1

71.    The conduct of Defendants was knowing and willful.

72.    The conduct of DeSanctis constitutes unfair and/or deceptive trade practices in violation of M.G.L., c. 93A, §11.

73.    Roblin has been damaged by the conduct of DeSanctis in an amount to be determined at trial.

74.    Roblin seeks treble damages plus attorneys fees and costs for DeSanctis' violation of M.G.L., c. 93A, §11

## COUNT VIII
### (Civil Conspiracy vs. Defendants)

75.    Roblin repeats and realleges each of the preceding allegations as if set forth herein.

76.    Defendants have acted in concert with a common design and/or agreement to cause the breach of Prentis' contractual, statutory and common-law duties to Roblin.

77.    Defendants have acted in concert with a common design and/or agreement to intentionally interfere with Roblin's business and customer relations, prospective relations, prospective relations and goodwill.

78.    Defendants have acted in concert with a common design and/or agreement to misappropriate and misuse the Roblin Trade Secrets in violation of the Massachusetts Trade Secrets Act, M.G.L., c. 93, §§42 and 42A.

79.    Defendants have acted in concert with a common design and/or agreement to unlawfully compete with Roblin in violation of M.G.L., c. 93A.

80.    By the conduct described herein, DeSanctis provided Prentis with substantial assistance and encouragement to Prentis to breach his fiduciary, common-law and statutory duties, duty, provided substantial assistance to Prentis to misappropriate and utilize the Roblin Trade Secrets; provided substantial assistance and encouragement to Prentis to interfere with Roblin's advantageous and prospective relations and together Defendants unlawfully compete 1 with Roblin.

81.    Defendants have taken overt acts in furtherance of the conspiracy including, *inter alia*, converting the Roblin Trade Secrets and diverting Roblin's corporate opportunities to DeSanctis as described above.

82.    Defendants all had knowledge that the conduct described herein was in furtherance of their plan and agreement to, *inter alia*, unlawfully possess the Roblin Trade Secrets, unlawfully interfere with Roblin's advantageous and prospective relations and otherwise unlawfully compete with Roblin.

83.    Roblin has been damaged by Defendants' conduct in an amount to be determined at trial.

1330820v1

## COUNT IX
### (Aiding and Abetting Breach of Fiduciary Duty vs. DeSanctis)

84.    Roblin repeats and realleges each of the preceding allegations as if set forth herein.

85.    Prentis breached is fiduciary duty to Roblin.

86.    DeSanctis was aware or should have been aware of Prentis' breaches of the fiduciary duty owed to Roblin.

87.    DeSanctis actively participated in or substantially assisted in these breaches in such a manner that they could not reasonably be held to have acted in good faith.

88.    DeSanctis' conduct has harmed Roblin.

89.    As a result of DeSanctis' conduct Roblin has been damaged and seeks an award of damages in an amount to be determined by a jury at trial.

## COUNT X
### (Aiding and Abetting Prentis' Conversion vs. DeSanctis)

90.    Roblin repeats and realleges each of the proceeding allegations as if set forth herein.

91.    Prentis converted the Roblin Trade Secrets, goodwill and business.

92.    DeSanctis was aware or should have been aware of Prentis' conversion of the Roblin Trade Secrets, goodwill and business.

93.    DeSanctis wrongfully and actively participated in and enabled Prentis to convert the Roblin Trade Secrets, goodwill and business.

94.    DeSanctis' conduct has harmed Roblin.

95.    As a result of DeSanctis' conduct, Roblin has been damaged and seeks an award of damages in an amount to be determined by a jury at trial.

## COUNT XI

### (Interference with Contractual Advantage and Relationships vs. De Sanctis)

96.    Roblin repeats and realleges each of the proceeding allegations as if set forth herein.

97.    Roblin had, at all relevant times, a contractual relationship its clients and Roblin.

98.    DeSanctis knew that Roblin enjoyed these contractual advantages and relationships.

99.    DeSanctis with improper motives and/or using improper means, knowingly and intentionally induce. Prentis and Roblin's customers to breach its contractual relationship with Roblin.

8

100. As a direct and proximate result of DeSantis' conduct, Roblin has suffered damages, including, but not imited to, loss of business opportunities, lost goodwill, loss of the use of the Roblin Trade Secrets, lost profits, attorneys fees and other damages.

101. Roblin seeks an award of damages in an amount to be determined by a jury at trial.

## COUNT XII

### (Interference With Existing And Prospective Advantageous Business Relations vs. DeSanctis)

102. Roblin repeats and realleges each of the proceeding allegations as if set forth herein.

103. Roblin had an advantageous business relationship or contemplated contract of economic benefit with its clients and prospective customers.

104. DeSanctis knew of Roblin's advantageous business relationships or contemplated contract of economic benefits, and knowingly interfered with and knowingly induced a breaking of the relationship, as set forth above. These actions were done willfully and intentionally, without justification.

105. The intentional interference with the relationships, was done by DeSanctis with improper motives and/or via improper means, including through the misappropriation and use of the Roblin Trade Secrets.

106. As a direct and proximate result of DeSanctis' interference with Roblin's relationships, Roblin has suffered damages, including, but not limited to, loss of business opportunities, lost goodwill, loss of the use of the Roblin Trade Secrets, lost profits, attorneys fees and other damages.

107. Roblin seeks damages in an amount to be determined by a jury at trial

## COUNT XIII

### (Unjust Enrichment vs. Defendants)

108. Roblin repeats and realleges each of the proceeding allegations as if set forth herein.

109. A benefit was conferred upon Prentis and DeSanmctis by their unauthorized use of the Roblin Trade Secrets and their improper solicitation and diversion of Roblin policyholders.

110. A benefit was conferred upon Prentis and DeSanctis' intentional and knowing violation of the Agreement.

111. Prentis and Roblin had an appreciation or knowledge of the benefits they were improperly receiving by the actions set forth above.

9

112. Prentis and DeSanctis have enjoyed and continue to enjoy benefits received under circumstances making it inequitable and unjust to allow them to retain these benefits without providing proper payment for their value.

113. As a direct and proximate result of Prentis' and DeSanctis' unjust enrichment, Roblin has suffered damages, including, but not limited to, loss of business opportunities, lost goodwill, loss of the use of Roblin Trade Secrets, loss of the use of Roblin's business opportunities, lost profits, attorneys fees and other damages.

114. Roblin seeks an award of damages in an amount to be determined by a jury at trial.

**WHEREFORE**, Roblin requests that the Court enter the following relief on all counts of the Complaint as appropriate:

1. A preliminary injunction requiring Defendants to immediately return to Roblin all Roblin Trade Secrets;

2. A preliminary injunction prohibiting Defendants from contacting, soliciting or accepting or servicing any insurance business from Roblin clients.

3. A preliminary injunction prohibiting Defendants from using or disclosing any Roblin Trade Secrets.

4. A permanent injunction requiring Defendants to immediately return to Roblin all Roblin Trade Secrets;

5. A permanent injunction prohibiting Defendants from contacting, soliciting or accepting or servicing any insurance business from Roblin clients.

6. A permanent injunction prohibiting Defendants from using or disclosing any Roblin Trade Secrets.

7. An Order that Defendants pay Roblin damages as awarded by a jury at trial or allowed by statute, including double and treble damages and reasonable attorneys fees and costs in this action, together with interest on any monetary judgment Plaintiff may obtain; and

8. Such further relief as the court deems just.

## JURY DEMAND

Roblin demands a trial by jury on all claims and issues so triable.

1330820v1

Dated: October 31, 2011

Plaintiff,
**ROBLIN INSURANCE AGENCY, INC.**

By its Attorneys,
MORRISON MAHONEY LLP

Charles A. Cook, Esq. BBO# 097580
Eric E. Renner, BBO# 666710
250 Summer Street
Boston, MA 02210
617-439-7500
ccook@morrisonmahoney.com
erenner@morrisonmahoney.com

11

1330820v1